**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL J. GHIORZI,

        Plaintiff,

v.

WHITEWATER POOLS AND SPAS, INC., et al.,

        Defendants.

2:10-CV-1778 JCM (PAL)

**ORDER**

Presently before the court are plaintiff Michael J. Ghiorzi's application for entry of default (doc. #36), motion for leave to amend complaint (doc. #37), and motion to remand (doc. #38). Defendant Pentair Water Pool and Spa, Inc., Pentair Water Group, Inc., and Pentair, Inc. filed an opposition to the motions (doc. #39), and a request for judicial notice (doc. #40). Plaintiff filed a supplement in support of his motions. (Doc. #50).

Plaintiff's complaint, originally filed in the Eighth Judicial District Court, stems from a contract between the parties to build and install an in-ground swimming pool and spa in the plaintiff's backyard. (Doc. #37). Plaintiff asserts in his complaint that after the pool was finished and after he was instructed how to properly maintain and clean the pool filtration device, he was severely injured when the device exploded. *Id.* According to his allegations, plaintiff struck the back of his head after being thrown several feet, and was treated for a bulging disk in his neck, nerve damage, impingement in his left shoulder and lacerations of the face and head. *Id.* He spent four days in the

**James C. Mahan**
**U.S. District Judge**

1  hospital, had multiple surgeries to repair the damage to his shoulder, and has at least two surgeries
2  to go to repair the damage to his face. *Id.*

3  Plaintiff's original complaint alleged negligence, strict liability, and breach of warranty
4  against defendants Whitewater Pools & Spas, Inc, Pentair Water Pool and Spa, Inc, Pentair Water
5  Group, Inc., Pentair Inc., Polaris Pool Systems, Inc., Zodiac Pool Systems, Inc., DOES I-V, and ROE
6  Corporations VI-X.

7  **Application for Default Judgment (doc. #36)**

8  Plaintiff filed an affidavit of counsel in support of his application for entry of default as to
9  defendant Whitewater Pools & Spas, Inc., an Arizona corporation (doc. #36), asserting that default
10  is proper because defendant was properly served and has failed to answer or otherwise respond. After
11  the filing of the application, the court notified the plaintiff that the affidavit of service attached to
12  the motion is for defendant Pentair, Inc. as opposed to Whitewater Pools & Spas, Inc. (Doc. #45).
13  Further, the court ordered former counsel "Rebecca A. Fuller to file the corrected PDF using *Notice*
14  *of Corrected Image/Document* event under the *Notices* category and link to 36 MOTION." *Id.*

15  Following this notice, Mrs. Fuller withdrew and counsel Brent A. Carson appeared on
16  plaintiff's behalf. (Doc. #47). The deficiency in the application for entry of default has not been
17  cured. Therefore, the motion for entry of clerk's default (doc. #36) is denied without prejudice.

18  **Motions To Amend (doc. #37) and Remand (doc. #38)**

19  Plaintiff's motions (docs. #37 and #38), originally filed as one motion, contend that
20  amendment is necessary to add White Water Pools of Las Vegas, LLC, and that with this addition,
21  remand is also required. Specifically, plaintiff asserts that White Water Pools of Las Vegas, LLC,
22  is the company that actually installed the pool equipment and that has information regarding "facts
23  and circumstances of this litigation unique to said entity." Plaintiff had originally named Whitewater
24  Pools & Spa, Inc., an Arizona corporation, as a defendant under the belief that it had purchased the
25  assets of White Water Pools of Las Vegas, LLC. However, he has now been informed that the
26  companies are two separate entities. In light of the addition of this "indispensable" party, plaintiff
27  asserts that diversity would be destroyed.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

### A. Leave To Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave will be given absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The local rules of federal practice in the District of Nevada qualify this rule, and require that a plaintiff submit a proposed amended complaint along with a motion to amend. LR 15-1(a).

Further, joinder of a party is permissible under Federal Rule of Civil Procedure 20, if (1) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

Here, plaintiff asserts that all claims against all defendants arise out of the same occurrence– the pool filter separation incident– and that there will be multiple questions of law or fact common to all defendants, including White Water Pools of Las Vegas, LLC. Moreover, plaintiff contends that the addition of the party will not prejudice the current defendants, because no additional claims or theories for recovery are being advanced and it "will not require extensive additional discovery." Additionally, joining White Water Pools of Las Vegas, LLC, is not futile, because it will allow plaintiff to "further flush out the known factual bases for his claims against" it.

In the defendants' opposition (doc. #39), they argue that the plaintiff's "inexcusable delay coupled with the futility of the amendment warrant denial of leave to amend." First, defendants assert that White Water Pools of Las Vegas, LLC, is a defunct entity, whose status was revoked under Nevada Law, and cannot be sued. N.R.S. § 86.011 and 86.281. To support this, they present the court with the certificate of existence with status of revocation from the secretary of state, which states that the status of the entity named White Water Pools of Las Vegas, LLC, was revoked as of January 1, 2009. (Doc. #40 Exhibit A).

Second, defendants contend that since the date of the accident in 2007, and the time of filing

1  the complaint in 2009, plaintiff has "had ample time to research the alleged identity of the entity that
2  installed the system at the house." Further, they assert, that there is no evidence regarding when
3  plaintiff learned of the identity of White Water Pools of Las Vegas, LLC, or how he intends on
4  serving the entity. With regards to undue delay, the question is "whether the moving party knew or
5  should have known facts and theories raised by the amendment in the original pleading."
6  *Amerisource Bergen Corp. v. Dialysist West, Inc.* 445 F.3d 1132, 1137 (9th Cir. 2006). Here,
7  defendants assert that plaintiff should have known of the correct entity and "cannot fail to investigate
8  a case for four years and then, just before discovery deadlines, seek to add a new party."

9  Third, defendants contend that the amendment would prejudice them, because it will
10 "protract this litigation" and would effectively stay the case while the plaintiff attempts to find and
11 serve the party. Lastly, defendants assert that the request for leave is made in bad faith. Specifically,
12 plaintiff is attempting to remove this case to state court by the addition of this party because he has
13 failed to meet the discovery obligations here. No discovery responses have been provided, no expert
14 witnesses have been brought, and no discovery has been served at all on plaintiff's part.
15 Additionally, defendants point out that plaintiff has failed to comply with the local rules that require
16 him to attach an amended complaint to any motion to amend.

17 In plaintiff's reply (doc. #50), titled as a supplement, new counsel attempts to cure the
18 deficiencies of the prior counsel's motion (doc. #37). First, he complies with the local rules by
19 providing the court with a proposed amended complaint (doc. #50-3). Local Rule 15-1. Further, he
20 explains that the amended complaint adds White Water Pools of Las Vegas, LLC, as a defendant,
21 removes defendant Polaris Pool Systems and Zodiac Pool Systems, as they were dismissed though
22 stipulation, and makes cosmetic changes to the factual allegations, including the designation of the
23 correct date of injury.

24 Plaintiff's new counsel also reiterates that prior counsel was led to believe that Whitewater
25 Pools & Spas, Inc., of Arizona was the successor for the Las Vegas LLC. It wasn't until prior counsel
26 received correspondence from Whitewater Pools & Spas, Inc., of Arizona (doc. #50-2) disputing that
27 fact, that he became aware of the issue and filed the motion to amend. Additionally, counsel argues
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  that there is "no information that White Water Pools of Las Vegas, LLC, has ever dissolved
2  officially," and that under N.R.S. 86.505,[1] the LLC could be sued in its own name or any of its
3  members up to and including two (2) years past dissolution for actions that occurred prior to the
4  dissolution of the company.

5  Here, the incident happened in 2007, the entity was in revocation as of January 1, 2009, and
6  the complaint was filed on April 24, 2009. Therefore, as the incident occurred prior to the revocation
7  and the complaint was filed within two years of the alleged dissolution of the corporation, White
8  Water Pools of Las Vegas, LLC, can be sued. Thus, adding it as a party would not be futile.

### B. Motion to Remand

In light of the addition of White Water Pools of Las Vegas, a Nevada limited liability company, plaintiff asserts that diversity is destroyed and remand is necessary. Plaintiff contends that it would be unjust to dismiss the case and deprive the plaintiff of his right to adjudicate the case on its merits.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court." When this arises, the court has the option to "(1) deem the party 'indispensable' and dismiss the case; (2) deem the party *not* indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court." *Yniques v. Cabral,* 985 F.2d 1031, 1035 (9th Cir. 1993). It appears to the court that since White Water Pools of Las Vegas, LLC, was in fact the party that installed the device that caused the alleged injuries, it is an 'indispensable" party to the litigation.

Defendants oppose remanding the case, and assert that White Water Pools of Las Vegas, LLC, is not in fact a citizen of Nevada, but one of Arizona. They contend that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia*

---

[1]"The dissolution of a limited-liability company does not impair any remedy or cause of action available to or against it or its managers or members arising before its dissolution and commenced within 2 years after the date of the dissolution. A dissolved company continues as a company for the purpose of prosecuting and defending suits, actions, proceedings..." N.R.S. 86.505.

1  *Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). There is no dispute that White Water Pools of Las Vegas, LLC, is an LLC duly organized under the laws of Nevada. (Doc. #40 Exhibit A). However, White Water Pools of Las Vegas, LLC's sole member is EGM Management Limited Partnership (doc. #40 Exhibit B), a Nevada limited partnership, whose general partner is White Water Management, Inc. (doc. #40 Exhibit C), an Arizona corporation and citizen for purposes of diversity jurisdiction (doc. #40 Exhibit D). Thus, White Water Pools of Las Vegas, LLC, is actually an Arizona citizen, and diversity jurisdiction is not lost.

In the plaintiff's supplement/reply (doc. #50), new counsel does not rebut the defendants' position on remand, and provides the court with no additional support for the motion to remand. Therefore, the court is not inclined to remand the action, as newly added defendant White Water Pools of Las Vegas, LLC, does not destroy diversity.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Michael J. Ghiorzi's application for entry of default (doc. #36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Michael J. Ghiorzi's motion for leave to amend complaint (doc. #37) be, and the same hereby is, GRANTED. Plaintiff shall file and serve his amended complaint (doc. #50-3) within fourteen (14) days from the date of this order.

IT IS FURTHER ORDERED that plaintiff Michael J. Ghiorzi's motion to remand (doc. #38) be, and the same hereby is, DENIED.

DATED June 28, 2011.

_____
**UNITED STATES DISTRICT JUDGE**