# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. GHIORZI,

                      Plaintiff,      Case No. 2:10-cv-01778-JCM-PAL

vs.                                      **ORDER**

WHITEWATER POOLS & SPAS, INC., *et al.*,    (Emg. Mot. Compel - Dkt. #67)

                      Defendants.

        Before the court is Pentair Water Pool and Spa Inc.'s Emergency Motion for Order Compelling Expert Alison Osinski's Deposition, or, Alternatively, Strike Plaintiff's Designation of Alison Osinski as an Expert for her Failure and Refusal to Appear for Deposition; Request for Monetary Sanctions Against Plaintiff and his Counsel for Necessitating this Motion (Dkt. #67). The court has considered the Motion, Plaintiff's Withdrawal of Expert (Dkt. #76), Pentair's Reply/Notification of Non-Opposition (Dkt. #77); Plaintiff's Opposition (Dkt. #79), Pentair's Opposition to Motion to Strike (Dkt. #82) and the arguments of counsel at a hearing conducted October 18, 2011.

        Pentair seeks an order compelling Alison Osinski, an expert designated by Plaintiff on July 22, 2011, to appear for a deposition. In the alternative, the motion seeks an order striking Osinski as an expert. In addition, Pentair seeks sanctions in the form of attorney's fees and costs incurred for the necessity of filing this motion and service fees incurred to serve Ms. Osinski with a subpoena to appear for a deposition in this case. The initial motion sought attorneys fees and costs estimated at $20,718.78. However, after the motion was filed, Plaintiff filed a notice of withdrawal indicating Ms. Osinski would be withdrawn as an expert in this case Pentair filed a Reply and Notice of Non-Opposition (Dkt. #77) modifying its request for attorneys fees and costs in the total amount of $15,140.65.

The reply and notice of non-opposition argues the court should award these monetary sanctions because Plaintiff only notified Pentair of his intent to withdraw Osinski as his expert witness after the motion to compel or strike was filed. Pentair argues this is the third time in this case Plaintiff's attorney has unnecessarily required it to incur substantial attorneys fees to prepare and file motions which the Plaintiff did not oppose. Specifically, Pentair, Inc. was forced to file a motion to dismiss on jurisdictional grounds because it had nothing to do with the pool filter product involved in this case. Mr. Winner did not oppose the motion and it was granted. Pentair was also forced to file a motion to enter a protective order governing confidentiality of documents disclosed in discovery in this case. Counsel for Plaintiff provided a draft proposed stipulation and proposed order to Mr. Winner who did not propose any changes, but did not execute it. As a result, Pentair was forced to file a motion which Mr. Winner, again, did not oppose. Under these circumstances, Pentair asks that the court impose sanctions in the form of costs and attorneys fees to deter Plaintiff's counsel from wasting the time of the court and opposing counsel.

Plaintiff filed a timely Opposition (Dkt. #79) indicating that two experts were originally designated, Alison Osinski, PhD., and John Manning. Counsel for Plaintiff represents that Plaintiff has had problems communicating with Dr. Osinski and that she has not been cooperative. As a result, she was formally withdrawn as an expert. Thus, Plaintiff argues much of Defendants' motion is moot because there is no need to compel her to appear for a deposition or to strike her as an expert. Plaintiff also argues that, had Defendants' attorneys conferred with Plaintiff's attorney prior to filing their motion as required by the Local Rules of Practice, defense counsel would have learned Plaintiff was no longer using Dr. Osinski as an expert.

The opposition is supported by Exhibit "1", a September 28, 2011 letter from counsel for Plaintiff to counsel for Pentair. The letter indicated that Plaintiff's counsel had recently received a flurry of correspondence and demands from defense counsel's office. Mr. Winner stated no effort had been made to meet and confer before the motion was filed and that he believed he had told defense counsel that Plaintiff would not be calling Dr. Osinski as a witness because of scheduling problems Plaintiff was having with her. However, if not, the correspondence confirmed that Plaintiff would not call Dr. Osinski at trial, and requested that the motion be withdrawn. Plaintiff's opposition also argues

monetary sanctions against the Plaintiff are not authorized because Dr. Osinski failed to cooperate with counsel.  Citing Fed.R.Civ.P. 37(b)(1), Plaintiff argues that sanctions are authorized against a deponent who may be held in contempt of court for failing to comply with a subpoena, but that monetary sanctions may not be issued against a party for a deponent's failure to comply with a subpoena. Plaintiff also argues that sanctions are not warranted under Rule 37(a)(5)(A) because all three exceptions apply.  The defendant did not meet and confer with Plaintiff before filing the motion; Plaintiff could not produce Dr. Osinski or make her available because she posed scheduling problems and was uncooperative to the degree that Plaintiff had to formally withdraw her as a witness; and it would be unjust to sanction the Plaintiff for circumstances outside his control, *i.e.* an uncooperative witness. Plaintiff contends that sanctions are not warranted; however, if the court is inclined to award sanctions, the amount sought is excessive and unreasonable.

Pentair replies that its multiple efforts to obtain available dates for Dr. Osinski's deposition comported with its meet-and-confer obligations, and that Plaintiff has not submitted any affidavit to establish Dr. Osinski was uncooperative.  However, even if Dr. Osinski was uncooperative with Plaintiff's counsel, he should have promptly withdrawn her when it became apparent she was being uncooperative.  The reasonableness of fees incurred in filing the motion is within the discretion of the court, and Pentair submits the court should award the amount the court deems appropriate.

## DISCUSSION

Having reviewed and considered the moving and responsive papers, the court will deny Pentair's Motion for an Order Compelling Dr. Osinski's deposition, or, in the Alternative, Motion to Strike Her as an Expert as moot in light of Plaintiff's withdrawal of her as an expert.  The court accepts the representations made by counsel for Plaintiff that Dr. Osinski was uncooperative with Plaintiff's counsel.  The court fully appreciates the frustration of counsel for Pentair in attempting to notice her deposition before the expiration of the discovery cutoff, and that Defendant incurred additional expenses for subpoenaing her for a deposition.  However, counsel for Pentair did not inquire whether Plaintiff's counsel would accept service of a subpoena on her behalf or whether Plaintiff's counsel would voluntarily secure her appearance before incurring this expense.  Additionally, counsel for Pentair was advised that Dr. Osinski would not appear on the date and time counsel for Pentair

unilaterally set for her deposition because Dr Osinski claimed to have an out of state conflict in another case.

The motion seeks alternative forms of relief–either to compel her to appear for a duly noticed deposition to answer questions about her expert opinions, or to preclude her from testifying in this case. Plaintiff's withdrawal of Dr Osinski as an expert witness will preclude her from testifying, and her deposition is therefore not needed. During oral argument, counsel for Plaintiff, Mr. Winner, indicated that he was candidly overwhelmed with a series of demands made by Defendants near the close of discovery. He again represented that he believed he had told opposing counsel that he intended to withdraw Dr. Osinski as an expert because she was uncooperative before this motion was filed. The court accepts these representations, and finds that it would be unjust to sanction Plaintiff and/or Plaintiff's counsel for the witness' failure to cooperate with counsel in scheduling her deposition. Accordingly,

**IT IS ORDERED** that Pentair's Motion for Order Compelling Expert Alison Osinski's Deposition, or, Alternatively, Strike Plaintiff's Designation of Alison Osinski as an Expert for her Failure and Refusal to Appear for Deposition; Request for Monetary Sanctions Against Plaintiff and his Counsel for Necessitating this Motion (Dkt. #67) is **DENIED**.

Dated this 25th day of October, 2011.

_____
Peggy A. Leen
United States Magistrate Judge