1
2
3
4
5                        **UNITED STATES DISTRICT COURT**
6                              **DISTRICT OF NEVADA**
7
8    MICHAEL J. GHIORZI,                     )
                                             )
9                          Plaintiff,        )        Case No. 2:10-cv-01778-JCM-PAL
                                             )
10   vs.                                     )                  **ORDER**
                                             )
11   WHITEWATER POOLS & SPAS, INC., *et al.,*  )        (Emg. Mot to Strike - Dkt. #70)
                                             )
12                         Defendant.        )
     _____ )
13

14        Before the court is Defendant Pentair Water Pool and Spa, Inc.'s Emergency Motion to Strike

15   Dr. Joseph Schifini as an Expert Witness (Dkt. #70).  The court has considered the Motion, the

16   Supplemental Declaration of George Stephan in Support of Motion (Dkt. #75), Plaintiff's Opposition

17   (Dkt. 83), Pentair's Reply (Dkt. #85), and the arguments of counsel at a hearing conducted October 18,

18   2011.

19                              **BACKGROUND**

20        Pentair Water Pool and Spa, Inc. ("Pentair") seeks an order striking the testimony of Dr. Joseph

21   Schifini as an expert witness and to preclude him from testifying to opinions on causation,

22   appropriateness of past care, or the reasonableness and cost for past and future care.  The motion was

23   filed on an emergency basis because the discovery cutoff ran October 6, 2011.

24        Plaintiff did not disclose experts on April 19, 2011, the deadline established by the court's

25   Discovery Plan and Scheduling Order (Dkt. #34).  After prior counsel was permitted to withdraw, and

26   Mr. Winner indicated he would substitute in as counsel of record for the Plaintiff if he received an

27   extension, the court granted an extension of the discovery plan and scheduling order, and directed

28   Plaintiff to designate his experts by July 25, 2011.  Plaintiff designated liability experts, John Manning

1   and Alison Osinski, prior to the extended expert disclosure deadline.  However, Plaintiff did not

2   designate any medical experts.  On September 8, 2011, Plaintiff filed an Emergency Motion to Extend

3   the Discovery Deadlines (Dkt. #62).  The district judge denied Plaintiff's request for a ninety-day

4   extension of the discovery plan and scheduling order deadlines, but extended the discovery cutoff an

5   additional fifteen days.

6        On September 13, 2011, Plaintiff served Pentair with a report prepared by Dr. Schifini along

7   with a written summary of medical records and also listed Dr. Schifini as a treating physician in

8   interrogatory responses served September 12, 2011.  Plaintiff testified at his deposition that he was

9   referred to Dr. Schifini by his attorney, Robert Winner, and first saw Dr. Schifini August 15, 2011,

10  three weeks after the deadline for designating experts.  Dr. Schifini gave Plaintiff an injection for pain.

11       The report Plaintiff served on Pentair consists of a forensic summary of medical records

12  reviewed from 2007 to present and a letter stating Dr. Schifini's opinions.  The report did not provide a

13  list of prior testimony, the doctor's fees and rates, or a *curriculum vitae.*  Pentair argues Dr. Schifini

14  was designated as an expert too late for Pentair to designate its own rebuttal medical expert.

15  Additionally, Dr. Schifini's report mentions records relating to his independent medical evaluation but

16  did not produce records of that evaluation.  Thus, Pentair does not have the necessary records to

17  counter-designate a rebuttal expert.  Plaintiff also failed to make Dr. Schifini available for deposition.

18  On September 26, 2011, Pentair noticed the deposition of Dr. Schifini for the last day of the discovery

19  cutoff, October 6, 2011.  However, Dr. Schifini's office refused to accept the subpoena, and counsel for

20  Plaintiff did not respond to a letter inquiring whether Dr. Schifini had been advised of his

21  responsibilities to make himself available prior to the discovery cutoff.  The evening before this motion

22  was filed, Plaintiff's counsel sent Pentair's counsel a letter stating that he would contact Dr. Schifini

23  and get back to Pentair about his availability for a deposition, noting that doctors are busy and cannot be

24  scheduled on short notice.

25       Pentair argues that Dr. Schifini has been designated to provide expert testimony outside his role

26  as a treating physician, and he should be stricken as an expert because of Plaintiff's failure to comply

27  with the requirements of Rule 26(a)(2)(B).  Pentair contends that Dr. Schifini's report does not contain

28  a complete statement of all opinions to be expressed and the bases for those opinions, the data or other

2

1   information considered by him in forming his opinions, any exhibits he used to support his opinions, his

2   qualifications, including any publications he authored in the prior ten years, or the compensation he was

3   to be paid and a list of cases in which has previously testified in deposition or at trial in the prior four

4   years.  Additionally, Pentair argues Dr. Schifini's report is deficient in several other respects.  Although

5   it summarizes medical records, Pentair cannot tell whether the records are complete, or whether the

6   opinions he provides are complete.  No medical records were provided concerning a medical evaluation

7   Dr. Schifini performed.

8        Dr. Schifini also directly contradicts records and conclusions of Plaintiff's treating physicians.

9   His report does not explain how he arrives at his conclusions and "purports simply to vouch for the

10  Plaintiff."  Specifically, he appears to vouch for Plaintiff's credibility in terms of how the accident

11  happened.  His report also assesses the reasonableness of costs Plaintiff incurred for medical services

12  and suggests Plaintiff will incur future costs for medical treatment without laying a foundation for his

13  opinion.  Dr. Schifini is an anesthesiologist; however, his opinions relate to future treatment outside of

14  his specialty.  He also appears to be offered to "shore up" the injuries Plaintiff claims as causally related

15  to the accident involved in this case.  For all these reasons, Pentair asks that Dr. Schifini be stricken as

16  an expert and that he be precluded from offering the opinions provided in his report.

17       On October 6, 2011, counsel for Pentair filed a Supplemental Declaration of George Stephan in

18  support of the Motion (Dkt. #75).  The Supplemental Declaration reports the result of a personal

19  consultation with Plaintiff's counsel, Mr. Winner, on September 29, 2011, concerning this motion.  Mr.

20  Stephan avers that he asked Mr. Winner "if he had any agreement to propose concerning Dr. Schifini"

21  but that Mr. Winner did not propose any agreement or disagreement.  Mr. Stephan indicated that Pentair

22  would stipulate that Dr. Schifini gave Plaintiff a pain injection, that the injection was reasonably

23  necessary, and that Dr. Schifini stated cost was reasonable.  *Id*. ¶ 4.  Mr. Stephan agreed to stipulate to

24  these facts to avoid additional time and expense to either party to bring Dr. Schifini for trial.  *Id*.

25  However, he expressed his concern that Plaintiff was really trying to bring Dr. Schifini to trial as a late-

26  designated expert witness, without complying with the court's scheduling order and the Federal Rules

27  regarding designation of expert witnesses.  *Id*.  Mr. Winner responded that he had not read Pentair's

28  motion and would get back to Mr. Stephan.  *Id*.  Mr. Stephan confirmed Pentair's offer in an October 3,

3

2011 e-mail, a copy of which is attached as Exhibit "A" to his declaration. *Id.* ¶ 5.  Pentair's counsel also asked for alternative dates for the deposition of Dr. Schifini before the discovery cutoff. *Id.* ¶ 6. However, Plaintiff did not provide any dates to take Dr. Schifini's deposition before the October 6, 2011, discovery cutoff. *Id.*  Plaintiff's only communication on taking Dr. Schifini's deposition was to advise that Dr. Schifini would not be available on October 6, 2011, the date Pentair initially requested. *Id.*

Plaintiff opposes the motion asserting it should be denied on several grounds.  First, the Plaintiff is receiving ongoing medical treatment.  His decision to see Dr. Schifini is because of his dissatisfaction with the Veterans Affairs healthcare system, and Plaintiff cannot be expected to cease treatment because discovery was nearly closed.  Second, Dr. Schifini is a treating physician who does not have a duty to prepare a report under Rule 26(a)(2).  Alternatively, if the court finds Dr. Schifini had a duty to prepare a report under Rule 26(a)(2), substantial justification exists for his late designation, specifically, problems related to the VA health care system and its billing practices.  Finally, Plaintiff argues that permitting Dr. Schifini's deposition to be taken after the close of discovery would remedy any possible harm to Defendant resulting from his late disclosure as a witness near the end of discovery.

Plaintiff emphasizes that Dr. Schifini is the Plaintiff's treating physician.  Mr. Winner referred the Plaintiff to Dr. Schifini in a letter dated August 8, 2011, which gave Dr. Schifini a brief synopsis of the accident involved in this case and explained the Plaintiff's discontent with the VA treatment he was receiving.  Mr. Winner also provided Dr. Schifini with the Plaintiff's medical records to review so that he would have the Plaintiff's prior medical history before treating him.  Mr. Winner asked Dr. Schifini to estimate the reasonable value of the VA services provided to date because the VA had no billing records and delayed providing counsel with the requested estimates for the value of the services provided by the VA.

The Plaintiff acknowledges he initially consulted with Dr. Schifini on August 15, 2011. Plaintiff disputes that Dr. Schifini was retained to perform an independent medical evaluation, conceding that Dr. Schifini's August 22, 2011, letter refers to his initial consultation as an independent medical examination.  When Plaintiff starting treating with Dr. Schifini, he disclosed Dr. Schifini as a witness in a fourth supplement to his initial disclosures.  As soon as Plaintiff received Dr. Schifini's

4

medical records, he immediately disclosed them to Defendant in Plaintiff's fifth supplement to his initial disclosures.  Plaintiff also served Dr. Schifini's report on September 12, 2011, as an attachment to his responses to requests for production.  Plaintiff represents Dr. Schifini was out of town and unavailable on the date Pentair noticed his deposition on unreasonably short notice.  However, Plaintiff offered to make Dr. Schifini available for deposition after the discovery cut-off and argues that his deposition will eliminate any prejudice to Pentair.  Plaintiff offered Dr. Schifini for deposition October 19 and 26, 2011, and was awaiting Defendant's response at the time this opposition was filed.

Plaintiff argues that any records and testimony regarding his ongoing treatment are relevant to his past and future damages and are admissible at trial even if they are only disclosed before or after the close of discovery.  As a treating physician, Dr. Schifini is not required to provide a Rule 26(a)(2)(B) compliant report.  Citing *Piper v. Harnishfeger Corp.,* 150 F.R.D. 173, 174-75 (D. Nev. 1997), Plaintiff argues that as a treating physician, he may testify on matters such as "causation, future treatment, extent of disability and the like" as part of the ordinary care a treating physician provides.  Plaintiff disputes that he specially retained Dr. Schifini to render a medical opinion based on factors not learned in the course of his treatment.  Plaintiff also relies on the Ninth Circuit's decision in *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011).  This recent decision discusses the situation of "hybrid" experts and provides further guidance when a treating physician must prepare a Rule 26(a)(2)(B) written report.  The decision confirms that a Rule 26(a)(2)(B) report is not required to the extent a treating physician's opinions are formed during the course of treatment and that a report is only required "when a treating physician morphs into a witness hired to render opinions that go beyond the usual scope of a treating physician's testimony." *Goodman* at 819-20.  In this case, Dr. Schifini will only provide opinions formed during the course of treating the Plaintiff.  He reviewed the Plaintiff's prior medical records as a reasonable treating physician to learn about his patient's prior medical history as a reasonable physician would in determining what past treatment his patient had received and what did and did not work.

Plaintiff stresses that he only saw Dr. Schifini because of his dissatisfaction with the VA health care system that was delaying his treatment and not resolving his increasing pain.  Plaintiff's counsel, Mr. Winner and Mainor Eglet, have both contacted the VA on multiple occasions to obtain billing

5

estimates for Plaintiff's treatment, but the VA has delayed providing them, despite promises that they will be forwarded.  The only amount the VA provided was a lien which, Plaintiff emphasizes, is not the reasonable value of services the VA provided to the Plaintiff.  Because of these problems, Plaintiff needed a doctor to take over the unsuccessful treatment he was receiving from the VA and to estimate the reasonable value of services that the VA system provided.  These unusual circumstances, it is argued, provide substantial justification for the disclosure of Dr. Schifini as a witness after the deadline for disclosing expert witnesses.  Plaintiff maintains Defendant should not receive a windfall because Plaintiff cannot sufficiently assess his medical special damages because of the VA's failure to provide bills.  For all of these reasons, Plaintiff asks that the court deny the motion to strike and allow Dr. Schifini's deposition to be taken after the close of discovery to provide opinions concerning Plaintiff's injuries and medical treatment and his estimate of the reasonable value of the VA services to the Plaintiff.

Pentair replies Dr. Schifini is clearly offered as an expert witness for whom a Rule 26(a)(2)(B) compliant report is required.  Pentair cites cases from other districts in support of its argument that there is no absolute treating physician exception to the expert disclosure requirement of Rule 26.  Pentair also argues that the Ninth Circuit's recent decision in *Goodman* supports its arguments that an expert report was required from Dr. Schifini where, as here: 1) Plaintiff's own deposition testimony confirms he was referred to Dr. Schifini by counsel; 2) Plaintiff's opposition brief concedes Dr. Schifini is not billing Plaintiff for his services, which is unusual for a treating physician; 3) Dr. Schifini produced a report and forensic summary of medical records of other physicians; and 4) Dr. Schifini's opinions are not for treatment, but clearly for purposes of supporting Plaintiff's litigation position.  Pentair argues that Plaintiff's late designation is neither substantially justified nor harmless, and it requests that the court strike Dr. Schifini as an expert and preclude him from testifying.

## DISCUSSION

**I.    Disclosure of Expert Witnesses.**

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who may be used as an expert witness.  Fed.R.Civ.P. 26(a)(2)(B).  Rule 26 provides that, "[t]hese disclosures shall be made at the times and in the sequence directed by the court."  Fed.R.Civ.P.

6

26(a)(2)(C).  Local Rule LR 26-1(e)(3) provides:

> Unless the discovery plan otherwise provides and the court so orders, the time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)(C) for disclosure concerning experts are modified to require that the disclosures be made sixty (60) days before the discovery cut-off date and that disclosures respecting rebuttal experts be made thirty (30) days after the initial disclosure of experts.

LR 26-1(e)(3).

For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  Fed. R. Civ. P. 26(a)(2)(B).  An expert's report must be "detailed and complete."  *Elgas*, 179 F.R.D. at 300 (*quoting Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)).  Expert reports are required in order to eliminate "unfair surprise to the opposing party and [to conserve] resources."  *Elgas*, 179 F.R.D. at 299 (*quoting Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)).  In *Elgas,* the court struck the designation of an expert because he had not listed the cases in which he had testified as an expert in his report .  *Id*. at 300.

Fed. R. Civ. P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery.  Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).  Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed.  *Goodman*, 644 F.3d at 827.  Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure.  *Id*.  Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or

7

1   response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.*

2        Applying Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should

3   be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B)

4   unless the court finds that there was a substantial justification for the failure to make complete

5   disclosure, or that the failure to disclose is harmless. *Id; Elgas*, 179 F.R.D. at 299 (*citing Sullivan v.*

6   *Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997)).  In the Ninth Circuit, "[t]he district court is given

7   broad discretion in supervising the pretrial phase of litigation . . . ." *Continental Lab.*, 195 F.R.D. at

8   677 (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  If full compliance with

9   Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are

10  within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

11       The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery

12  rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to

13  issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

14  1106 (*citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248

15  F.3d 29, 34 (1st Cir. 2001)).  The burden is on the party facing discovery sanctions under Rule 37(c)(1)

16  to prove harmlessness. *Id.* at 1107.  Exclusion of an expert's testimony for failure to comply with the

17  requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule

18  37(c)(1) even in the absence of showing a bad faith or willfulness. *Id.* at 1106.

19       The district court also has discretion to exclude expert witnesses who have not been timely

20  disclosed in compliance with the court's scheduling order. *Wong v. Regents of the University of*

21  *California*, 410 F.3d 1052, 1062 (9th Cir. 2005).  As the Ninth Circuit recognized, courts enter

22  scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly

23  manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.*

24  Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule

25  26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and

26  other parties in that manner is not harmless." *Id.*  The Ninth Circuit has affirmed exclusion of expert

27  testimony when the expert was disclosed twenty days late, and the expert reports were six weeks late.

28  *See Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998).

**II.      Treating Physicians and Rule 26(a)(2).**

Federal Rule of Civil Procedure 26(a)(2)(B) limits required expert witness disclosures to "a witness who is retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).  While a treating physician is often called as an expert witness at trial, he or she is not generally retained or specially employed for this purpose, but rather to treat a plaintiff for his or her medical complaints.  This district has long recognized that a treating physician may be deposed or called to testify at trial without providing a written report.  *See* Fed. R. Civ. P. 26(a), Advisory Committee Notes to 1993 Amendments.  In *Piper v Harnischfeger*, Magistrate Judge McQuaid rejected a defendant's argument that a treating physician's opinions on matters such as causation, future treatment, extended disability and the like, required compliance with the requirements of Rule 26(a)(2)(B) observing:

> It is common place for a treating physician during, and as part of, the course of treatment of a patient to consider things such as the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any.  Opinions such as these are part of the ordinary care of the patient and do not subject the treating physician to the extensive reporting requirement of Fed. R. Civ. P. 26(a)(2)(B).

170 F.R.D. 173, 174-75 (D. Nev. 1997).

Similarly, in *Kirkland v. Union Pacific Railroad*, Judge Hunt concurred with *Piper* stating:

> Furthermore, treating physicians can appropriately have opinions as to the cause of an injury, based on their examination of the patient, or to the degree of injury, or the extent of disability, in the future.  The prognosis of the patient and what tasks a patient will be able to perform are legitimate opinions which come within the parameters of opinions required to be made by treating physicians without subjecting them to the requirements of Rule 26(a)(2)(B).

189 F.R.D. 604, 608 (D. Nev. 1999) (citation omitted).  *See also Elgas*, 179 F.R.D. at 299; *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995); *Shapardon v. West Beach Estates*, 172 F.R.D. 415, 417 (D. Haw. 1997).

In a case of first impression in the circuit, the Ninth Circuit recently addressed, when, if ever, a treating physician is required to prepare an expert report compliant with Rule 26(a)(2)(B) in *Goodman*, 644 F.3d 817.  There, the Plaintiff tripped and fell in an Arizona office supply store and filed a complaint in state court alleging the store negligently allowed an unreasonably dangerous condition to

9

exist which resulted in her fall and serious injuries.  The case was removed to federal court based on complete diversity between the parties.  Under Arizona law, causation is an essential element of a negligence claim.  The district judge prohibited Plaintiff's medical experts from testifying about causation in plaintiff's case-in-chief because she did not comply with her Rule 26(a)(2)(B) report disclosure obligations.  On appeal, the Ninth Circuit held that "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)."  *Id*. at 819-20.  However, because the law regarding "hybrid experts" was not settled, and because treating physicians are usually exempt from the requirement of providing written report, the Ninth Circuit exercised its discretion to apply this clarification prospectively.  *Id*.

In *Goodman,* the Ninth Circuit recognized that the general rule is that a treating physician is a percipient witness of the treatment rendered rather than an expert retained or specially employed to provide expert testimony.  For this reason, a treating physician is ordinarily not subject to the written report requirements of Rule 26(a)(2)(B).  *Id*. at 824 (*citing* Fed.R.Civ.P. 26(a)(2) Advisory Committee Note (1993)).  However, the Ninth Circuit noted that district courts in the circuit have limited treating physician testimony to opinions formed during the course of treatment when the party seeking admission of the testimony disclosed no expert report.  *Id*. at 825.  Joining the Sixth, Seventh and Eighth Circuits, the Ninth Circuit held "that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment.  *Id*. at 826.  The court found that the Plaintiff had retained a number of her treating physicians to render expert testimony beyond the scope of the treatment rendered, and that to form these opinions these doctors had reviewed information provided by Goodman's attorney that had not been reviewed during the course of their treatment.  For these reasons, the Ninth Circuit agreed with the district court that these doctors fell outside the scope of the "treating physician" exception, and under Rule 26(a)(2)(B), written reports were required.

**III.    Analysis.**

In this case, the court finds that Plaintiff retained Dr. Schifini to provide expert opinion testimony beyond the scope of opinions formed during the course of his treatment of the Plaintiff.

According to his August 22, 2011, letter, which is attached as Exhibit "E" to Defendant's emergency motion, Dr. Schifini received records from counsel for Plaintiff by hand delivery August 8, 2011.  He was asked to review these records and summarize his opinions and conclusions following his review of the records, as well as the results of his independent medical evaluation of August 15, 2011.  He understood that the Plaintiff was frustrated with the delay in treatment through the Veterans Administration hospitals, as well as his increase in pain "which prompted the referral to my office."  He was provided with approximately 800 pages of medical records to review by Plaintiff's counsel, approximately 150 of which were VA medical records.  The remaining categories of records he reviewed were from Advanced Medical Center, Las Vegas Fire & Rescue, Nevada Imaging Centers, and University Medical Center.

After reviewing these records "which followed the date of loss of April 25, 2007," he formulated several opinions and conclusions.  The court finds that these opinions and conclusions were not formed during the course of treatment of the Plaintiff.  Rather, in the doctor's own words, they were clearly formed for the purpose of providing medical legal causation testimony and "opinions regarding the care, appropriateness of care, necessity of care and relatedness of care provided to Mr. Ghiorzi as a result of this April 25, 2007 pool filter accident."  For example, he opines that the Plaintiff's historical recollection of the events of April 25, 2007, are fairly consistent, and the Plaintiff suffered injuries in the form of "a closed head injury, a concussion, bi-lateral shoulder pain, lacerations possibly brachial plexus versus cervical nerve root injury, and avulsion chip of the left coracoid process, right periorbital ecchymosis, as well as facial and nasal fractures" as a result of the pool filter explosion involved in this case.  He also opines that the Plaintiff "has had tremendous pain and suffering" as a result of the April 25, 2007 accident.  He opines that "at some point" the Plaintiff may be in need of spine surgery consultation due to his ongoing complaints, although he is unable to determine "on a more likely or not basis" whether the Plaintiff will need a spine surgery referral.  He also opines that, other than a few primary care visits, all treatment Plaintiff has received to date is directly related to the events of April 25, 2007, based on his review of the medical records provided.

His letter report goes on to opine about the value of services provided by Veterans Administration medical facilities which did not provide specific billing information.  He opines that a

1   new consultation is valued at $600.00 per visit and that typical office visits should be billed at $200.00

2   per visit.  Based on his own experience, he believes the shoulder surgery Plaintiff had is typically

3   "assigned a value of $30,000.00 to $40,000.00."  He was not able to provide an estimate of the cost for

4   the Plaintiff's nasal surgery.  His report goes on to provide detailed dollar amounts for reasonable costs

5   for a number of different diagnostic tests.  His report concludes:

6   　　　　Based on my review of all provided records, it is clear that Mr. Ghiorzi's
    claimed injuries are a direct result of the events of April 25, 2007.  If it were
7   not for the pool filter explosion which occurred on April 25, 2007, it is my
    opinion that Mr. Ghiorzi would not be suffering from the painful condition
8   he is presently describing.  The treatment recommendations and future
    treatment needs for Mr. Ghiorzi are also a direct result and causally related
9   to the events of April 25, 2007.  All future medical needs have not been
    accounted for at this point.  Many of the needs in reference to the cervical
10  spine and upper extremities will be determined after his updated MRIs and
    following the performance of injection therapy.  I will be continuing to see
11  Mr. Ghiorzi on an ongoing basis to determine his ongoing and future needs.

12      Plaintiff filed an Emergency Motion to Extend Discovery Deadlines (Dkt. #62) on September 8,

13  2011.  The motion listed the discovery that remained to be completed.  Counsel for Plaintiff indicated

14  that he had been obtaining medical records on the injuries suffered by the Plaintiff, and there was no

15  medical information in the file when he took it over in late May 2011.  He stated it had been difficult

16  obtaining information from the VA and that counsel had received records but had not received any of

17  the billing records.  The motion also represented that Plaintiff was continuing to treat for his medical

18  condition and needs surgery.  The motion stated that the primary reason why discovery was not

19  completed within the time allowed "was an over-optimistic Plaintiff attorney and an overwhelmed

20  Plaintiff attorney."  Plaintiff proposed that because basic medical records and billing records had not yet

21  been received and because of Plaintiff's continued treatment and likely surgery, that he be given a

22  ninety-day extension of the deadlines for medical expert disclosures.

23      The district judge decided Plaintiff's emergency motion to extend in the undersigned's absence.

24  He granted a fifteen-day extension of the discovery cutoff but denied Plaintiff's request for a further

25  ninety-day extension.  He rejected Plaintiff's argument that the additional time was warranted because

26  of Plaintiff's continued treatment and likely surgeries finding that "[i]f the court were to grant the

27  emergency motion to continue on this rather inchoate basis, the discovery cut-off date would become an

28  ever-moving target, following the medical progress of the Plaintiff.  This would not clearly and

1   expeditiously further the ends of justice." *See* Order (Dkt. #63).

2       Dr. Schifini was disclosed as a treating physician in supplemental Rule 26(a) disclosures.

3   According to Plaintiff's deposition testimony, and Dr. Schifini's report, he did see Plaintiff until August

4   15, 2011.  Dr. Schifini's August 22, 2011, letter to counsel for Plaintiff indicates he did treat the

5   Plaintiff for pain by providing an epidural injection.  He also ordered additional MRIs of the Plaintiff's

6   spine on August 15, 2011, and states that the Plaintiff will need at least quarterly re-evaluations by a

7   physician to re-evaluate his status.  The court finds Dr. Schifini's testimony should be limited to the

8   results of his single examination of the Plaintiff on August 15, 2011, the results of the MRIs he ordered

9   **provided** the results of those MRIs have been disclosed to Defendant in discovery, and the medical

10  necessity and reasonableness of the cost of the epidural injection he gave the Plaintiff.  Beyond that, Dr.

11  Schifini was clearly specially retained to provide expert testimony for which a Rule 26(a)(2)(B) report

12  was required.  He was contacted by Plaintiff's counsel, not the Plaintiff, well after the deadline for

13  disclosing expert reports.  Plaintiff's emergency motion clearly indicates Plaintiff was seeking a ninety-

14  day extension of the deadline to make medical expert disclosures.  Counsel for Plaintiff clearly

15  recognized that Plaintiff needed a medical expert to support his injury and damages claims.  The district

16  judge denied this request.  Plaintiff has not met his burden of establishing that the failure to timely

17  disclose Dr. Schifini as a medical expert is substantially justified or harmless.

18      Accordingly,

19      **IT IS ORDERED** Defendant's Emergency Motion to Strike Dr. Schifini as an Expert Witness

20  (Dkt. #70) is **GRANTED**.  However, Plaintiff may call Dr. Schifini as a percipient witness/treating

21  physician whose testimony shall be limited to his own examination and treatment of the Plaintiff.

22      Dated this 27th day of October, 2011.

23

24      Peggy A. Leen

25      United States Magistrate Judge

26

27

28

13