**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MICHAEL J. GHIORZI, | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-01778-JCM-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WHITEWATER POOLS & SPAS, INC., *et al.,* | ) | (Emg. Mot Compel Disc. - Dkt. #68) |
| Defendant. | ) | |
| | ) | |

Before the court is Defendant Pentair Water Pool and Spa, Inc.'s Emergency Motion to Compel Discovery Regarding Computation of Damages Pursuant to FRCP 26(A) [sic], or Alternatively, to Strike and/or Limit Evidence of Such Damages, and Request For Fees and Expenses in Connection with this Motion (Dkt. #68). The court has considered the Motion, Plaintiff's Opposition (Dkt. #80), Pentair's Reply (Dkt. #84), and the arguments of counsel at a hearing conducted October 18, 2011.

Pentair Water Pool and Spa, Inc. ("Pentair") seeks an order compelling Plaintiff to provide a complete and full computation of his damages, or alternatively, to strike or limit evidence of those damages. Defendant also seeks fees and costs associated with filing this motion in the amount of $3,899.50. Pentair asked that the court consider the motion on an emergency basis because the motion was filed September 26, 2011, and the discovery cutoff would expire October 6, 2011.

Pentair asserts that Plaintiff served his initial Rule 26 disclosures in November 2010, which provided only a lump sum estimate of his damages without any "computational analysis." The computation of damages he provided claimed damages for physical injuries, pain, suffering and mental anguish, without specifying an amount; damages from lost work opportunities of approximately $60,000.00; punitive damages in an amount treble to his physical injury and lost work damages; and pre

/ / /

1  and post-judgment interest.  The initial disclosures did not identify what injuries Plaintiff suffered, the

2  care he received for those injuries, or the cost of care.

3       Beginning in late July 2011, Pentair attempted to obtain supplemental information about

4  Plaintiff's damages.  Defense counsel wrote several letters to Plaintiff's counsel and met with him in

5  person on August 31, 2011.  During the personal consultation, counsel for Plaintiff acknowledged he

6  had not yet responded to the requested damages information, and indicated he was still working on it

7  and would supplement.  Counsel for Plaintiff indicated he was still trying to obtain medical bills and

8  records but declined to provide a date certain on which he would supplement the damages information.

9  Plaintiff did supplement his damages information, but Pentair regards the supplement as deficient

10  because the subsequent disclosures do not amend or provide any additional detail in the calculation of

11  damages sections of his initial disclosures.  Additionally, Plaintiff's medical records are still

12  incomplete.  Specifically, the supplemental disclosures do not include all medical billings evidencing

13  the cost of medical care, and they provide no evidence sufficient to calculate lost income or lost

14  business opportunities.

15       Plaintiff opposes the motion, pointing out that Mr. Winner substituted in as counsel on May 24,

16  2011, after prior counsel was permitted to withdraw based on her severe health problems.  Mr. Winner

17  was in trial during June 2011, in another case involving the Defendant.  He represents that after the

18  trial, he discovered that very little work had been done by Plaintiff's former counsel, and he began

19  conducting discovery which included obtaining a large number of medical records, responding to

20  Defendants' discovery requests, and propounding written discovery on Defendants.  Plaintiff's former

21  counsel made only two small disclosures pursuant to Rule 26, did not propound any written discovery,

22  and took no depositions.

23       Plaintiff contends he has already provided Pentair with a computation of his damages, including

24  a list of expected additional damages for which he is awaiting documentation from third parties, in

25  response to one of Defendants' interrogatories.  These responses were served September 12, 2011.  The

26  response was provided to Defendants before Pentair filed this instant motion.  Additionally, Plaintiff

27  provided Defendants with copies of his tax returns for the years 2004 - 2010, evidencing his income.

28  / / /

2

On September 30, 2011, Mainor Eglet associated into this case and supplemented Plaintiff's Rule 26 disclosures with medical records received and an updated computation of damages. The fifth supplemental disclosure was served on October 6, 2011. Plaintiff is still awaiting updated medical records from the Veterans Affairs because the VA does not track billing or reasonable value of services that it provides to its veterans. The amount stated in Plaintiff's fifth supplemental disclosure only represents the amount for which the VA has asserted a lien and not the total amount of services Plaintiff has received.

Plaintiff asks that the court deny Defendant's motion because Plaintiff provided the requested computation of damages before the motion was filed, and to the extent certain information is missing, substantial justification exists. Any delay in providing the computation of damages was substantially justified because of Plaintiff's prior counsel's health problems and unexpected withdrawal from this case. Current counsel attempted to remedy the discovery deficiencies as much as possible in a short amount of time since Mainor Eglet has associated as counsel of record, and sanctions are not warranted.

Defendant replies that responding to an interrogatory does not relieve Plaintiff of his burden to provide Rule 26 disclosures. Relying on *Villagomes v. Lab Corps of Am.*, 783 F.Supp.2d 1121 (D. Nev. 2011), Defendant contends that this court has held that a discovery response providing a damages calculation does not meet the requirements of Rule 26(a). Additionally, Defendant contends the information provided by Plaintiff is neither timely nor complete. It has been 4 ½ years since Plaintiff was injured, and Plaintiff cannot legitimately claim that he has no information concerning medical services provided or loss of income. Pentair also argues that Plaintiff's fifth supplemental disclosure is insufficient. Although it provides new information concerning Plaintiff's wage loss, it is insufficient because Plaintiff does not earn a regular monthly salary. Rather, he is paid on a commission-only basis, and Defendant is entitled to evidence of monthly income rather than information concerning his average annual income. Moreover, the fifth supplemental disclosure identifies new medical providers and medical records dating back to April and May 2007, and June 2009. Under these circumstances, Plaintiff's late compliance is not sufficient to cure the original defects, and sanctions should be awarded under Rule 37(a)(5)(A).

/ / /

3

**DISCUSSION**

Plaintiff served his initial Rule 26(a) disclosures in November 2010.  Counsel for Pentair did not claim the disclosures were deficient until counsel's July 29, 2011, correspondence to counsel for Plaintiff which requested that Plaintiff provide damages information pursuant to Rule 26(a)(1)(iii), claiming Plaintiff's prior disclosure was incomplete.  Follow-up correspondence was sent August 11, 2011, and the parties personally discussed the matter on August 31, 2011.  At that time, counsel for Pentair acknowledges that counsel for Plaintiff indicated that he was working on it and would supplement his responses.

Pentair apparently did not serve Plaintiff with written discovery requests until relatively late in the discovery period.  The motion does not indicate when the discovery requests were served; however, another recent motion filed by Pentair to strike Plaintiff's expert, Dr. Schifini, (Dkt. #70) indicates Pentair served written discovery requests on Plaintiff on August 9, 2011.  Plaintiff served responses to Defendants' interrogatories September 12, 2011.  Plaintiff provided a comprehensive answer to Interrogatory No. 3, which requested a description in detail of the nature, extent, and amount of any damages Plaintiff claimed as a result of this accident.  Plaintiff's answer to Interrogatory No. 3 indicated that he received multiple fractures to the face, had surgery to repair nasal bones, and anticipated future surgery to repair nerve damage.  Plaintiff also answered that his left shoulder was injured and that he had surgery in 2008.  He provided information that he had an injury to the right shoulder, torn tendons, and he experienced ongoing pain.  He had a lifting restriction and anticipated future surgery.  He also answered that the nerve on the right side of his face was severed, he had injuries to the neck and back, including bulged disks and pain, cuts to the forehead and back of the head which required stitching, and intermittent pain along his arms with tingling.

His answer to Interrogatory No. 3 indicated that most of his treatment was obtained through the Veterans Administration, although he was at University Medical Center for several days, and was billed $31,010.63, in addition to the doctors who treated him at UMC and billed separately.  Plaintiff indicated the VA had a "lien for the treatment" he received, and he identified a number of healthcare providers he claimed provided services related to this accident.

/ / /

4

His answer to Interrogatory No. 3 also indicated that in 2006, he made roughly $126,000.00.  He was off work completely from April 2007 through August 2007; from January 2008 through May 2008; and from August 2010 through September 2010.  He believes that he will have additional surgeries which have not yet been scheduled that will require him to be off work again.  His interrogatory answer indicated that he was compensated on a commission basis and therefore believed his lost income should be based on an average for the months he was off work based on what he was making.  He estimated that he earned an average of $10,000.00 per month for eight months and that his total wage loss was $80,000.00.  Between August 2010 through September 2010, his wage loss was estimated at $3,960.00. Plaintiff also provided his income tax returns for the years 2004 through 2010 to document his income and estimated lost wages.  Pentair argues that the income tax returns are insufficient because it needs evidence of Plaintiff's monthly income rather than an average of Plaintiff's annual income to accurately assess his wage loss damages.  During oral argument, counsel for Plaintiff stated that the tax returns were the only records he had of his earnings, and that Plaintiff had no more detailed statements or records documenting his commission income.

Pentair is correct that Rule 26(a)(1)(A)(iii) requires Plaintiff to provide a computation of each category of damages without waiting for a discovery request.  However, on the record before the court, it does not appear that Pentair complained about any deficiencies in Plaintiff's computation of damages disclosures until late July 2011.  After Pentair complained that the damages computation was incomplete and deficient, counsel for Plaintiff agreed to supplement his initial disclosures.  Pentair did not serve formal written discovery requesting more detailed information until August 9, 2011.  Plaintiff served his answers to interrogatories September 12, 2011, and provided the detailed information in Interrogatory No. 3 outlined above.  Answer to Interrogatory No. 3 identified the various healthcare providers performing services Plaintiff claimed were related to this accident.  Specific amounts were provided for a majority of the healthcare providers performing services.  The amount of the VA lien for treatment was also provided.  Plaintiff answered "records requested" with respect to the amount of services billed by Advanced Medical Center, Desert Radiologists, Michael Callahan Federal Hospital, and Joseph Schifini, M.D.  Plaintiff's answer to Interrogatory No. 3 and opposition to this motion do

/ / /

5

1   not state when these records were requested.  However, it does not appear that counsel for Plaintiff, Mr.

2   Winner, began actively working on this case until after his June 2011 trial and subsequent vacation.

3        When Mr. Winner appeared at the May 24, 2011, hearing, he advised the court that he had

4   received the file in this case from the Plaintiff, and he was willing to file an appearance on behalf of the

5   Plaintiff if the court allowed more time for him to designate one or two experts and to conduct

6   discovery.  *See* Order (Dkt. #49).  He also told the court that virtually nothing had been done in the

7   case.  *Id*.  The court canvassed counsel for both sides concerning the discovery that remained.  The

8   court extended the discovery deadlines and gave Mr. Winner until July 25, 2011, to designate experts.

9   The court also extended the discovery cutoff until September 21, 2011.  Mr. Winner did not claim that

10  this was an insufficient amount of time for him to complete discovery or designate experts.  No

11  application was made to the court to adjust the extended discovery plan and scheduling order deadlines

12  until Mr Winner filed his emergency motion September 8, 2011, which requested a ninety-day

13  extension of the deadlines to designate medical experts.  The district judge denied the request for a

14  ninety-day extension, but granted a fifteen-day extension of the discovery cutoff to October 6, 2011.

15       The court has now considered and decided a series of motions filed near the close of discovery.

16  The court has precluded Plaintiff from moving forward with Rule 30(b)(6) depositions and severely

17  limited the testimony of Dr. Schifini in this case, finding that his report provided opinions for which a

18  Rule 26(a)(2)(B) expert disclosure was required.  The Plaintiff has now withdrawn Dr. Osinski as an

19  expert because she failed to cooperate with counsel for Plaintiff and failed to appear at her deposition

20  after being subpoenaed by Pentair, and she will be precluded from testifying.

21       Fed.R.Civ.P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in

22  discovery.  It prohibits a party who fails to disclose information required by Rule 26(a) or Rule 26(e)(1)

23  or fails to amend a prior incorrect or incomplete response from using as evidence at trial, at a hearing,

24  or on a motion any witness or information not so disclosed unless the failure is substantially justified or

25  harmless.  The Ninth Circuit reviews a district court's decision to sanction for a violation of the

26  discovery rules for abuse of discretion which gives "particularly wide latitude to a district court's

27  discretion to issue sanctions under Rule 37(c)(1)."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259

28  F.3d 1101, 1106 (9th Cir. 2001).  The burden is on the party facing sanctions under Rule 37(c)(1) to

1  prove harmlessness. *Id*. at 1107; *Torres v. City of Los Angeles,* 540 F.3d 1031. 1047 (9th Cir. 2008).  If

2  full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and

3  severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639,

4  641 (D. Mont. 1998).

5        Having reviewed and considered the moving and responsive papers, the court finds that

6  Plaintiff's initial disclosure on computation of damages was inadequate.  However, Pentair did not

7  complain about the insufficient response until July 29, 2011, shortly before the discovery cutoff.  When

8  Pentair complained that the disclosure was inadequate, counsel for Plaintiff agreed to supplement and

9  did so.  Pentair did not serve formal discovery requests on the Plaintiff until August 9, 2011, and

10  received a fairly comprehensive response to Interrogatory No. 3 which asked Plaintiff to specify his

11  damages.  Pentair was also served with Plaintiff's fourth and fifth supplement to his initial disclosures.

12        At a status and scheduling conference conducted December 14, 2010, while prior counsel was

13  representing the Plaintiff, the court canvassed the parties concerning their request for special scheduling

14  review beyond the amount of time deemed presumptively reasonable to conduct discovery under Local

15  Rule 26-1(e).  The court's order set a status hearing for January 13, 2011, and directed counsel for

16  Plaintiff to serve defense counsel with a supplemental list of healthcare providers and HIPAA-

17  compliant medical releases before the status conference.  *See* Minutes of Proceedings (Dkt. #31).  At

18  the January 13, 2011, status conference, counsel for Pentair did not claim that Plaintiff failed to provide

19  a supplemental list of providers or HIPAA-compliant medical releases.  Neither the motion, nor

20  Plaintiff's opposition, address this issue, and the court has no information concerning whether Pentair

21  received the HIPAA-compliant releases the court ordered.  If so, Pentair has had the ability to obtain

22  medical records for the providers Plaintiff has disclosed.  If not, Pentair did not raise the issue of

23  Plaintiff's non compliance at the January 13th status conference.

24         Plaintiff has not established that he was  reasonably diligent in obtaining the medical records

25  for Advanced Medical Center, Desert Radiologists, or Michael Callahan Federal Hospital.  Neither the

26  answer to Interrogatory No. 3 or the opposition to this motion indicate when Plaintiff requested the

27  medical records from these three providers.  The court will therefore grant Defendant's emergency

28  / / /

7

1   motion precluding Plaintiff from introducing evidence on the amount of medical special damages

2   attributed to these three providers as well as any medical records not disclosed before the close of

3   discovery.

4       Plaintiff also answered "records requested" with respect to medical records of Dr. Schifini.  Dr.

5   Schifini did not see the Plaintiff until August 15, 2011.  The Defendants were served with his report

6   before the close of discovery.  The court has now severely restricted the scope of the testimony Dr.

7   Schifini may offer to his own treatment of the Plaintiff.  The court finds that restricting the Plaintiff

8   from introducing medical special damages for the providers from whom records have not been provided

9   is a sufficient sanction under the circumstances for the Plaintiff's failure to meet his Rule 26(a)(1)

10  obligations.

11      Plaintiff initially disclosed economic loss damages of $60,000.00.  Again, Pentair did not

12  complain that the initial disclosure was deficient until July 29, 2011.  After Pentair complained and

13  requested supplementation, the Plaintiff supplemented his initial disclosures and provided his income

14  tax returns for the years 2004 through 2010.  Although Pentair complains that tax returns are

15  insufficient, counsel for Plaintiff represented that the Plaintiff has no more specific documentation of

16  his commission income.  The Defendants deposed the Plaintiff and had the opportunity to question him

17  concerning his wage loss and any supporting documents he had. The court will therefore deny Pentair's

18  motion to preclude the Plaintiff from relying upon his income tax returns to support his damages

19  calculation.  However, the court will preclude the Plaintiff from relying on any documents other than

20  his income tax records to support his claim.

21      In failing to grant Pentair all of the relief requested, the court does not condone Plaintiff's

22  failure to meet his discovery obligations.  However, this order, in combination with other recent order

23  entered precluding or limiting the Plaintiff's evidence, attempts to enter sanctions proportionate to the

24  violations.

25      For the reasons stated,

26  / / /

27  / / /

28  / / /

1    **IT IS ORDERED** Pentair's Emergency Motion (Dkt. #68) is **GRANTED in part** and

2    **DENIED in part** consistent with the body of this order.

3        Dated this 3rd day of November, 2011.

4

5    _____

6    Peggy A. Leen
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28