# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL J. GHIORZI,

        Plaintiff,

v.

WHITEWATER POOLS AND SPAS, INC., et al.,

        Defendants.

2:10-CV-1778 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Michael J. Ghiorzi's motion to dismiss defendants Whitewater Pools & Spas, Inc. and Polaris Pool Systems, Inc. without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. #86). Defendant Pentair Water Pool and Spa, Inc. filed an opposition. (Doc. #95). Plaintiff then filed a reply. (Doc. #102).

Pursuant to Federal Rule of Civil Procedure 41(a)(2):

> except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

FED. R. CIV. P. 41(a)(1).

The purpose of Rule 41(a)(2) "is to permit a plaintiff to dismiss an action . . . so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal quotations omitted).

**James C. Mahan**
**U.S. District Judge**

**Whitewater Pools & Spas, Inc. and White Water Pools of Las Vegas, LLC**

In this case, there are two potential parties named Whitewater. In the initial complaint, plaintiff named Whitewater Pools & Spas, Inc. as a defendant. (Doc. #1, Ex. A). However, plaintiff later determined that the appropriate defendant was White Water Pools of Las Vegas, LLC, and moved to amend the complaint. (Doc. #37). On June 28, 2011, the court granted plaintiff's motion to amend. (Doc. #51). Plaintiff filed an amended complaint on June 30, 2011, naming White Water Pools of Las Vegas, LLC as a defendant. (Doc. #52). Nevertheless, Whitewater Pools & Spas, Inc. is also included as a defendant in the first amended complaint. (Doc. #52). Neither White Water Pools of Las Vegas, LLC nor Whitewater Pools & Spas, Inc. has been served and neither has filed an answer to the first amended complaint.

The objective of plaintiff's motion and reply brief is unartfully articulated. The motion states that, in addition to defendant Polaris, plaintiff seeks to dismiss Whitewater Pools & Spas, Inc. (Doc. #86). Whitewater Pools & Spas, Inc. is the defendant named in both the introduction and conclusion to the motion. However, in the argument section, plaintiff states that he wishes to dismiss "Whitewater of Las Vegas."[1] (Doc. #86). Plaintiff's reply brief attempts to clarify this issue by stating that he seeks "to dismiss both Whitewater defendants (Whitewater Pools & Spas, Inc. and White Water Pools of Las Vegas, LLC) . . . ." (Doc. #110).

Pentair interpreted plaintiff's motion as seeking to dismiss Whitewater Pools & Spas, Inc. only. (Doc. #95, stating that the motion "facially" seeks to dismiss Whitewater Pools & Spas, Inc.). Nevertheless, Pentair's opposition focuses on the alleged prejudice Pentair will suffer if both Whitewater Pools & Spas, Inc. and White Water Pools of Las Vegas, LLC were dismissed. (*See* Doc. #95). Because Pentair's opposition adequately addresses the alleged prejudicial effect of dismissing both of the Whitewater defendants, the court interprets plaintiff's motion broadly to seek dismissal of both Whitewater Pools & Spas, Inc. and White Water Pools of Las Vegas, LLC.

Pentair opposes plaintiff's motion to dismiss, in part. (Doc. #95). Pentair does not object to the dismissal of Whitewater Pools & Spas, Inc. as long as plaintiff actually serves White Water

---

[1] The first amended complaint does not include any defendant with this name.

James C. Mahan
U.S. District Judge

- 2 -

1    Pools of Las Vegas, LLC. Pentair argues that White Water Pools of Las Vegas, LLC is the defendant
2    responsible for plaintiff's injury, and Pentair would be prejudiced if the court dismissed both of the
3    Whitewater defendants. (Doc. #95). According to Pentair, the instant motion to dismiss is "part of
4    an overall plan to take Whitewater's causation out of this case." (Doc. #95). Pentair asserts that it
5    is "important that [White Water Pools of Las Vegas, Inc.] remain in the action so that a judgment
6    can be rendered against them for Whitewater's causing of this accident." (Doc. #95). Thus, Pentair
7    asks the court to deny the motion to dismiss Whitewater Pools & Spas, Inc. "unless and until plaintiff
8    complies with [Federal Rule of Civil Procedure] 4(m) and (1) and serves [White Water Pools of Las
9    Vegas, LLC.]" (Doc. #95).

10   In this suit, Pentair has not filed any third party claim or claim for indemnity or contribution
11   against White Water Pools of Las Vegas, LLC. Further, during the briefing of the motion to amend,
12   Pentair opposed plaintiff's attempt to add White Water Pools of Las Vegas, LLC, arguing that the
13   amendment would be futile. (*See* Doc. #39).

14   The court is inclined to agree with plaintiff's statement that Pentair's belief that it may suffer
15   prejudice if White Water Pools of Las Vegas, LLC is dismissed "does not grant [d]efendant the right
16   to dictate the [p]laintiff's course of action in this lawsuit." (Doc. #110). White Water Pools of Las
17   Vegas, LLC and Whitewater Pools & Spas, Inc. have not been served by plaintiff and neither of these
18   defendants has filed an answer to the complaint. Thus, the court finds that it is appropriate to
19   dismiss these two defendants.

20   The court's dismissal of White Water Pools of Las Vegas, LLC and Whitewater Pools &
21   Spas, Inc. does not preclude Pentair from arguing and presenting evidence of White Water Pools,
22   LLC's causation in this case.

23   **Polaris Pool Systems, Inc.**

24   Plaintiff also moves to dismiss defendant Polaris Pool Systems, Inc. (Doc. #86). Plaintiff
25   asserts that this defendant has not been served properly and has not filed an answer. (Docs. #86 and
26   #102). Additionally, plaintiff states that Polaris Pool Systems, Inc. has merged with Zodiac Pool
27   Care, Inc. and, therefore, service for Polaris Pool Systems, Inc. is not possible. Zodiac Pool Care,
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Inc. previously was a defendant in this case, but it was dismissed on May 4, 2011.  (Doc. #43).
2  Pentair's opposition does not address plaintiff's motion to dismiss Polaris Pool Systems, Inc. (Doc.
3  #95).
4       Plaintiff effectively dismissed Polaris Pool Systems, Inc. from this case when it filed its
5  amended complaint on June 30, 2011, because the amended complaint did not include Polaris Pool
6  Systems, Inc. as a defendant.  (*See* Doc. #52).  Thus, plaintiff's motion to dismiss Polaris Pool
7  Systems, Inc. is moot.
8       Accordingly,
9       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Michael J.
10  Ghiorzi's motion to dismiss defendants Whitewater Pools & Spas, Inc. and Polaris Pool Systems,
11  Inc. without prejudice (doc. #86) be, and the same hereby is, GRANTED in part and DENIED in
12  part. The court GRANTS plaintiff's motion to dismiss defendants White Water Pools of Las Vegas,
13  LLC and Whitewater Pools & Spas, Inc.  The court further DENIES as moot plaintiff's motion to
14  dismiss defendant Polaris Pool Systems, Inc.
15       DATED January 31, 2012.

                                                                                      */s/ James C. Mahan*
                                                                     UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**