UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL J. GHIORZI,

         Plaintiff,

v.

WHITEWATER POOLS AND SPAS, INC., et al.,

         Defendants.

2:10-CV-1778 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Michael J. Ghiorzi's motion to strike the defense of contributory/comparative negligence. (Doc. #87). Defendant Pentair Water Pool and Spa, Inc. filed an opposition. (Doc. #96). Plaintiff then filed a reply. (Doc. #103).

Plaintiff asserts that he is abandoning his claim for negligence against defendant. (Doc. #87). Thus, the only remaining claim is for strict product liability. Plaintiff further argues that, under Nevada law, contributory and comparative negligence are not viable defenses in a strict liability case. (Doc. #87). Accordingly, the court should strike "the defense of contributory/comparative negligence of other persons or entities, including, but not limited to, plaintiff, dismissed parties, or non-parties . . . ." (Doc. #87).

To date, plaintiff has not filed any document with the court effectively dismissing the negligence claim against defendant. In the motion to strike, plaintiff simply asserts that he is "abandoning his claim for negligence against defendant Pentair." (Doc. #87). Further, defendant

**James C. Mahan**
**U.S. District Judge**

1    attached the declaration of Danielle Tarmu to his reply brief. (Doc. #104). Ms. Tarmu states that
2    she contacted defendant to seek a stipulated dismissal of plaintiff's claims for: (1) failure to provide
3    adequate warnings, (2) manufacturing defect, and (3) negligence. (Doc. #104). Ms. Tarmu further
4    acknowledges that she has not received an answer from defendant regarding her proposed
5    stipulation. (Doc. #104).

6        Defendant opposes the motion on multiple grounds: (1) the motion is untimely pursuant to
7    Federal Rule of Civil Procedure 12(f)(2); (2) the motion lacks specificity; (3) plaintiff should have
8    filed a motion for partial summary judgment rather than a motion to strike; (4) federal constitutional
9    law and due process require that defendant be allowed to present relevant facts showing others bear
10   fault and responsibility for the accident; and (5) Nevada law should permit a jury to apportion fault
11   in this case. (Doc. #96).

12       The court finds that plaintiff's motion to strike is untimely, but for reasons different than
13   those advanced by defendant. The motion to strike is predicated on the assumption that the only
14   remaining claim is plaintiff's strict products liability claim. (*See* Doc. #87). However, plaintiff has
15   not adequately dismissed the other claims in the complaint.

16       "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff
17   desires to eliminate an issue, or one or more but less than all of several claims, but without
18   dismissing'" all of the claims against a defendant. *Ethridge v. Harbor House Restaurant*, 861 F.2d
19   1389, 1392 (9th Cir. 1988) (citing 5 J. MOORE, J. LUCAS & J. WICKER, MOORE'S FEDERAL PRACTICE
20   ¶ 41.06-1, at 41-83 to -84 (1987)); *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d
21   1500, 1513 (9th Cir. 1995) (holding that "Rule 15 . . . governs the situation when a party dismisses
22   some, but not all, of its claims.").

23       Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only
24   with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Here,
25   plaintiff does not have defendant's written consent to amend the complaint. (*See* Doc. #104, stating
26   that defendant did not reply to plaintiff's request for a stipulated dismissal of claims). Further,
27   plaintiff has never moved this court for leave to amend the complaint to allege only a strict products
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

liability claim.  Therefore, plaintiff has not abandoned his other claims, and these claims remain in the complaint.  *See Hells Canyon Preservation Council v. United States Forrest Service*, 403 F.3d 683 (9th Cir. 2005).

To arrive at its ultimate conclusion, that contributory/comparative negligence defenses are not appropriate in an action which asserts only a strict products liability claim, plaintiff's motion to strike assumes that the other claims have been abandoned in this case.  (Doc. #87).  However, as established above, plaintiff has not adequately amended his complaint to remove these other causes of action.  Thus, the motion is untimely.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Michael J. Ghiorzi's motion to strike the defense of contributory/comparative negligence (doc. #87) be, and the same hereby is, DENIED without prejudice as untimely.

DATED February 10, 2012.

_____
**UNITED STATES DISTRICT JUDGE**