1
2
3
4                           **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6

7 MICHAEL J. GHIORZI,                 )

8                Plaintiff,    )    Case No. 2:10-cv-01778-JCM-PAL

9 vs.                          )    **ORDER**

10 WHITEWATER POOL & SPAS, INC., *et al.*,  )    (Emergency Mot Strike - Dkt. #118)

11               Defendants.  )

12

13       Before the court is Defendant Pentair Water Pool and Spa, Inc.'s ("Pentair") Emergency Motion

14 to Strike Thomas L. Vater, M.D. (Dkt. 118).  The court has considered the motion, Plaintiff's

15 Opposition (Dkt. #119), and Defendant's Reply (Dkt. #120).

16                                **BACKGROUND**

17       The facts of this case and procedural history have been outlined in many orders in the past and

18 will not be repeated here.  The current motion seeks an order striking Thomas L. Vater, M.D., as a

19 witness.  Defendant asserts that Plaintiff served a ninth supplemental disclosure designating him as a

20 new witness on March 1, 2012.  Counsel for Defendant requested that counsel for Plaintiff withdraw

21 Dr. Vater as a witness.  Counsel for Plaintiff refused indicating that Dr. Vater would be able to testify

22 concerning his treatment of the Plaintiff after the close of discovery and his need for future treatment.

23 Discovery closed October 6, 2011.  Defendant claims that Dr. Vater's designation as a medical provider

24 witness is an attempt to circumvent this court's order excluding expert opinions from Dr. Schifini.

25       Defendant requests an order striking Dr. Vater and prohibiting any expert or non-expert

26 testimony and that the order expressly state that Plaintiff is precluded from eliciting expert opinions at

27 trial from any other medical professionals.  Defendant argues that Plaintiff did not obtain leave of court

28 to disclose a new expert or non-expert witness and unduly delayed disclosing Dr. Vater and his records.

1  Defendant claims that any testimony he may offer should be excluded because the failure to obtain

2  leave and late disclosure of Dr. Vater as a witness is neither substantially justified nor harmless.

3  Plaintiff did not consult with Dr. Vater until after the close of discovery and after the court entered its

4  October 28, 2011, order excluding expert opinions from Dr. Schifini.  Dr. Vater is a local spine surgeon

5  who examined Plaintiff on November 14, 2011, and December 5, 2011.  The description provided of

6  his anticipated testimony indicates he has offered to express opinions not formed during the course of

7  his treatment of the Plaintiff.  Defendant claims that any opinions he may offer are forensic litigation-

8  driven, and as such, a Rule 26(a)(2)(B) compliant report was required to be served within the deadline

9  for expert disclosures under the court's discovery plan and scheduling order.  For these reasons, the

10  court should strike Dr. Vater and prohibit him from offering any expert or non-expert testimony under

11  Rule 37 consistent with the court's prior order.

12       Plaintiff opposes the motion asserting that one of his treating physicians, Dr. Schifini, referred

13  the Plaintiff to Dr. Vater for a neck and back evaluation and treatment.  Plaintiff attaches pages from

14  Dr. Vater's medical records dated November 14, 2011.  Plaintiff disputes that he first designated Dr.

15  Vater as a new witness in his ninth supplemental disclosure on March 1, 2012.  Rather, Plaintiff

16  disclosed Dr. Vater as a witness and produced his records in a seventh supplement to initial disclosures

17  served November 28, 2011.  Thus, there was no delay in naming Dr. Vater as a witness because he is

18  providing ongoing treatment to the Plaintiff.  Counsel for Plaintiff understood from a March 13, 2012,

19  telephone conversation with one of Defendant's counsel, Mr Olson, that Defendant agreed Dr. Vater

20  could testify regarding his treatment and future treatment of the Plaintiff.  However, in a subsequent

21  telephone conference with another lawyer from the firm, Thomas Dillard, counsel for Plaintiff was

22  advised that he would not agree to Dr. Vater providing any testimony on any topic including his

23  treatment of the Plaintiff.

24       Plaintiff is receiving ongoing medical treatment and under Nevada Law is entitled to future

25  medical expenses which is a recoverable category of damages under Nevada Law.  Federal and state

26  cases allow a treating physician to testify to matters such as causation, diagnoses, future care and the

27  extent of disability as part of the treating physician's ordinary care of the patient without requiring the

28  disclosure of a Rule 26(a)(2) report.  The Plaintiff did not begin treating with Dr. Vater until after the

close of discovery, and thus it was impossible for Plaintiff's counsel to disclose Dr. Vater as a witness prior to the close of discovery.  Plaintiff will continue to provide supplemental disclosures for any ongoing medical treatment so that the Defendant is not "ambushed" at trial, but cannot be expected to stop treatment because discovery has closed.  Plaintiff disputes that designating Dr. Vater as a witness is an attempt to circumvent the court's prior order limiting Dr. Schifini's testimony.  Rather, in that order the court allowed Dr. Schifini to provide testimony as a treating physician, but excluded opinion testimony outside his scope as a treating physician.  Finally, Plaintiff's argue that this motion was entirely unnecessary because Plaintiff had previously agreed to limit Dr. Vater's testimony to the treatment he provided to the Plaintiff and the treatment he anticipates providing to the Plaintiff in the future.

Defendant's reply reiterates arguments that Dr. Vater was disclosed after the close of discovery in an attempt to remedy Plaintiff's failures to designate any medical experts and to circumvent the undersigned's prior order excluding Dr. Schifini as an expert witness.  Defendant disputes that Dr. Vater was first disclosed in a seventh supplemental disclosure served November 14, 2011.  The seventh supplement merely disclosed a "person most knowledgeable" or custodian of records and did not disclose Dr. Vater himself as a treating physician.  Assuming arguendo Dr. Vater was disclosed on November 14, 2011, he was disclosed after the October 6, 2011, close of discovery.  Thus, Defendant claims his entire proffered testimony, both as an expert and non-expert, must be excluded.

Defendant claims that the court's prior Order (Dkt. #91) is the "law of the case" as to Plaintiff's obligation to disclose medical witnesses and their records prior to the close of discovery.  Defendant also contends that Plaintiff was required to seek leave of court to disclose a new witness after the close of discovery, but "did not follow proper civil procedure in requesting leave to disclose new evidence and testimony related to medical treatment after the close of discovery."  Finally, Defendant reiterates that Plaintiff is attempting to elicit opinions from Dr. Vater which were not formed during his two office consultations with the Plaintiff, and that these opinions should be excluded because the Plaintiff failed to provide the written report required by Rule 26(a)(2)(B).

///

///

**DISCUSSION**

Plaintiff's seventh supplemental Rule 26(a)(1) disclosures were served November 28, 2011 and identified Vater Spine Surgical Associates as a medical provider and indicated that Dr. Vater and/or his representative(s) were expected to testify.  Dr Schifini did not refer Plaintiff to Dr. Vater until November 14, 2011, after the close of discovery.   The description of the scope of his anticipated testimony clearly exceeds treating physician testimony.  Plaintiff may not avoid his failure to timely designate a medical expert by seeking opinion testimony of a medical expert specially retained to provide non-treating physician opinions.  However, the motion and affidavit of counsel represents that Plaintiff agreed to limit Dr. Vater's testimony to his treatment of the Plaintiff and anticipated future treatment.  Plaintiff's condition at the time of trial and need for future medical treatment, if any, is relevant, and with the proper foundation, admissible.

Plaintiff's ninth supplemental disclosure describes Dr. Vater's anticipated testimony as follows:

It is anticipated that Plaintiff's treating physicians and heath care providers may testify and give their opinions as non-retained medical experts regarding the treatment of the Plaintiff.  Their testimony and opinions may consist of the necessity of the medical treatment rendered, the necessity of future medical treatment to be rendered, the causation of the necessity for past and future medical treatment, and/or their opinion as to the past and future restrictions of activities including work activities, caused by the accident.  Their opinions may also include authenticity of medical records, the costs of past medical care, future medical care, and whether those medical costs fall within ordinary and customary charges in the community, for similar medical care and treatment.  Their testimony may also address any referrals made by said provider and the result of the same.  Their testimony may also include opinions as to whether they [sic] Plaintiff has a diminished work life expectancy as a result of the accident.  Finally, they may also offer testimony in rebuttal of similarly-qualified providers named by the Defendants.

The court agrees that the description of Dr. Vater's anticipated testimony goes well beyond the scope of the treatment he rendered and opinions formed during the course of his treatment of the Plaintiff.  However, the court disagrees that leave of court was required in order to identify a treating physician with whom Plaintiff treated for the first time after the close of discovery.  Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement a discovery disclosure or response:

in a timely manner if the party learns that in some material respects the disclosure or response is incomplete or incorrect, and if the additional or corrective information has

/ / /

/ / /

4

not otherwise been made known to the other parties during the discovery process or in writing.

Fed.R.Civ.P. 26(e)(1)(A).

Counsel for Plaintiff represents that Dr. Schifini referred the Plaintiff to Dr. Vater for a neck and back evaluation and treatment. Dr. Vater did not see or treat the Plaintiff until after the close of discovery. Plaintiff understands that Dr. Vater should be limited to providing testimony concerning his past an future care of the Plaintiff. The court agrees that Dr. Vater's testimony should be strictly limited to the treatment he rendered to the Plaintiff, and anticipates rendering in the future. If counsel for Plaintiff attempts to elicit opinions beyond those formed as a treating physician during the course of his treatment of the Plaintiff, Defendant may, of course, object to the proffered testimony.

For the reasons stated,

**IT IS ORDERED** Defendant's Emergency Motion to Strike (Dkt. #118) is **DENIED**.

Dated this 20th day of April, 2012.

Peggy A. Leen
United States Magistrate Judge

5