1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL J. GHIORZI,

        Plaintiff,

v.

WHITEWATER POOLS AND SPAS, INC., et al.,

        Defendants.

2:10-CV-1778 JCM (PAL)

**ORDER**

      Presently before the court is plaintiff Michael J. Ghiorzi's motion for leave to file a second amended complaint. (Doc. #114). Plaintiff attached a copy of his proposed second amended complaint to the motion. (Doc. #114, Ex. 1). Defendant Pentair Water Pool and Spa, Inc. filed an opposition. (Doc. #115). Plaintiff then filed a reply. (Doc. #116).

      Plaintiff's proposed second amended complaint deletes his claim for negligence so that the only remaining claim is for strict products liability. (Doc. #114, Ex. 1). Plaintiff asserts that the amended complaint "clarif[ies] and narrow[s] the issues to be litigated in this action." (Doc. #114). Defendant opposes the motion for leave to amend on three grounds. First, defendant argues that the motion for leave to amend is untimely under the scheduling order. Second, defendant states that plaintiff should have dismissed his negligence claim when he filed his first amended complaint. Finally, defendant asserts that amendment would be prejudicial to defendant because discovery has closed, and defendant has already moved for summary judgment. (Doc. #115).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

The court finds that there is good cause to amend the complaint. FED. R. CIV. P. 16(b)(4). The amended complaint will clarify and narrow the issues in this action. Further, the court finds that there is no apparent reason to deny plaintiff's motion for leave to file a second amended complaint. FED. R. CIV. P. 15(a).

Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Michael J. Ghiorzi's motion for leave to file a second amended complaint (doc. #114) be, and the same hereby is, GRANTED. Plaintiff shall file the second amended complaint with the court on or before April 27, 2012.

IT IS FURTHER ORDERED that defendant Pentair Water Pool and Spa, Inc.'s motion for summary judgment (doc. #88) be, and the same hereby is, DENIED as moot, without prejudice.

IT IS FURTHER ORDERED that defendant Pentair Water Pool and Spa, Inc.'s motion to strike portions of plaintiff's response to defendant's summary judgment motion (doc. #108) be, and the same hereby is, DENIED as moot.

DATED April 24, 2012.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -